UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PERSEPHONE DOLCE,
DARIUS GOODWORTH,

                Plaintiffs,

                -against-

CERTIFIED LUXURY MOTORS,
CLM AUTO GROUP, INC.,
WORLDWIDE LUXURY ENTERPRISES INC. DBA
CERTIFIED LUXURY MOTORS,
ALLY FINANCIAL INC.,
NORTH SIDE CAR CARE CORPORATION,
FAWAD AWAN, JOHN DOE'S 1-3,
JANE DOE,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/23/2025____

25 Civ. 2150 (AT) (RWL)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

      Plaintiffs *pro se*, Persephone Dolce and Darius Goodworth, bring this action against Defendants, a car dealership, digital bank, mechanic shop, and related businesses and people, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, various federal and state consumer protection laws, and New York common law. *See generally* Compl., ECF No. 1. On March 18, 2025, Plaintiffs submitted an *ex parte* application for a temporary restraining order ("TRO"), seeking various forms of relief, including an order requiring Defendants to process Plaintiffs' vehicle registration, produce a certified copy of the vehicle's title, and suspend enforcement of the auto loan associated with the vehicle's purchase. *See generally* ECF Nos. 16, 18–20. Pursuant to an order of reference, ECF No. 21, the Honorable Robert W. Lehrburger issued a report (the "R&R") recommending that the Court deny Plaintiffs' TRO application and direct Plaintiffs to serve their summons and complaint on Defendants, ECF No. 27. Before the Court are the R&R and Plaintiffs' objections. Obj., ECF No. 29; *see also* ECF Nos. 28, 30.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). When a party does not object or when it "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Plaintiffs take issue with various aspects of the R&R, but most of their objections concern the R&R's analysis of whether they have demonstrated a likelihood of irreparable harm sufficient to justify a TRO.[1] *See* Obj. at 5–9, 14–25. Plaintiffs claim that, because Defendants have failed to process their vehicle's registration, rendering their car unusable, they have had to pay over $2,000 in transportation and parking costs, costs that will continue to rise while this litigation is pending. *Id.* at 5, 14, 18–21. Dolce further alleges that she is unable to advance her independent film project while she waits for access to her vehicle, and both Plaintiffs claim that they continue to suffer physically and emotionally from the stress of the situation. *Id.* at 6–9. They explain that they cannot afford a full-time rental car and that Goodworth has suffered damage to his credit score as a result of Defendants' actions. *Id.* at 17–19, 35–36. A smaller subset of Plaintiffs' objections concern Judge Lehrburger's decision not to grant a preservation order; Plaintiffs fear that, in light of Defendants' alleged history of deception and fraud, Defendants will destroy evidence necessary for Plaintiffs to prove their claims. *Id.* at 14–15, 27–31.

A TRO "is an extraordinary remedy that will not be granted lightly." *Carter v. Sewell*, No. 23 Civ. 1139, 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (quoting *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997)). The standard for granting one is similar to the standard for granting a preliminary injunction. *Id.* A movant "must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm if the injunction is not granted, (3) that the balance of the equities tips in its favor, and (4) that the injunction serves the public interest." *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 273–74 (2d Cir. 2021). Because a TRO occurs in a different "temporal context" than a preliminary injunction, however, a movant seeking a TRO must demonstrate "a threat of irreparable harm that will occur *immediately*." *Carter*, 2023 WL 7164304, at *1 (quoting *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020)). Additionally, because the purpose of a TRO "is to preserve [the status quo] until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction," *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) (quoting *Pan. Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 842–43 (2d Cir. 1962)), "[t]he burden on the moving party is even higher where . . . a party seeks a mandatory injunction—that is, an injunction commanding a positive act, as opposed to one that merely maintains the status quo," *Colonel v. Decker*, 449 F. Supp. 3d 274, 281 (S.D.N.Y. 2020).

A party seeking an *ex parte* TRO, *i.e.*, a TRO without notice to the opposing party or an opportunity for the opposing party to be heard, faces an even stricter standard. Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a TRO without notice to the adverse party or its attorney "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Accordingly, *ex parte* relief is appropriate "only where irreparable injury will be caused absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or when advance contact

---

[1] Plaintiffs are directed to review and comply with the Court's Individual Practices in Civil *Pro Se* Cases, located at https://nysd.uscourts.gov/hon-analisa-torres. Under Rule IV.D, "[b]riefs prepared with a computer concerning objections to magistrate judges' rulings . . . shall not exceed 7,000 words." At more than 12,000 words, Plaintiffs' objections to the R&R far exceed the bounds of this rule.

with the adversary would itself be likely to trigger irreparable injury." *Goldstein v. Hochul*, No. 22 Civ. 8300, 2022 WL 20305832, at *1 (S.D.N.Y. Oct. 3, 2022) (citation omitted).

The Court agrees with Judge Lehrburger that *ex parte* relief is not warranted here. As the R&R explains, Plaintiffs "have already put Defendants on notice of their claims and intent to file suit." R&R at 9. Plaintiffs have sent Certified Luxury Motors demand letters and informed the company of their intent to sue, contacted Ally Financial Inc. about their allegedly fraudulent loan, and informed Defendants that their practices are illegal. Compl. ¶¶ 94, 171–72, 191, 198, 227 & Exs. A15, A23; *see* R&R at 9. Because Plaintiffs have already put Defendants on notice, they cannot show that "the[ir] adversary cannot be contacted" or that "advance contact . . . would itself be likely to trigger irreparable injury," and therefore do not satisfy Rule 65(b)(1)'s requirements for an *ex parte* TRO.[2] *Goldstein*, 2022 WL 20305832, at *1 (citation omitted). This conclusion is further bolstered by the fact that Plaintiffs do not seek to preserve the status quo, but rather ask for affirmative relief that courts hesitate to award on an emergency basis. *See Colonel*, 449 F. Supp. 3d at 281. Thus, even if any of the harm Plaintiffs face could be characterized as irreparable—a proposition the Court need not analyze at this point—Plaintiffs would not be entitled to relief in the form of an *ex parte* TRO.

If Defendants were served with the complaint, summons, and motion papers, the Court could exercise its discretion to construe Plaintiffs' motion for a TRO as a motion for a preliminary injunction and hold a hearing. *See* Fed. R. Civ. P. 65(a). In their objections, however, Plaintiffs request that the Court not order expedited service. Obj. at 39. Accordingly, Plaintiffs may serve Defendants within the time limits prescribed by Federal Rule of Civil Procedure 4(m). If it turns out that Plaintiffs desire preliminary injunctive relief, they may (1) make such a motion by filing a letter renewing their motion for a TRO as a motion for a preliminary injunction, (2) serve on Defendants the complaint, summons, motion for a preliminary injunction, and supporting papers, along with the R&R and this Order, and (3) file proof of such service on the docket.[3]

If the allegations of the complaint are proven true, then Plaintiffs are the victims of a terrible fraud. Even so, the Court cannot bypass the requirements of due process. The Court shall, therefore, require Plaintiffs to serve Defendants before obtaining relief. To the extent not addressed above, the Court has considered Plaintiffs' objections and finds them to be conclusory or without merit.

SO ORDERED.

Dated: April 23, 2025
New York, New York

ANALISA TORRES
United States District Judge

---

[2] For the same reason, the Court denies Plaintiffs' request for a document preservation order. *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence may be relevant to future litigation.").

[3] As concerns the John and Jane Doe Defendants, Plaintiffs may be able to obtain their names through discovery and then, if appropriate, seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15. *See Palmer v. Seidman*, No. 16 Civ. 27, 2016 WL 270864, at *1 (N.D.N.Y. Jan. 22, 2016); Obj. at 38–39.